THE CO-OPERATIVE SAVINGS & LOAN ASSOCIATION, Appellant, v. MCINTOSH, *et al.*, Defendants, S. E. IRISH AND THE KEOSAUQUA LUMBER COMPANY, Appellees.

**Agreed Facts:** ESTOPPEL BY JUDGMENT. The effect of a decree foreclosing a mechanic's lien upon a mortgage is not waived by an agreed statement of facts in an action involving the respective priorities of the mechanic's lien and the mortgage, which after reciting the recovery of a decree states that the only question to be decided is as to the priority of the lien.

**Judgment:** COLLATERAL ATTACK: *Notice by publication* A mortgagee cannot attack a decree foreclosing a mechanic's lien on the mortgaged premises, rendered upon his default after publication of notice in an action to foreclose the mortgage, but his remedy is by a motion for retrial under Code, 1873, section 2677.

*Appeal from Van Buren District Court.*—HON. T. M. FEE, Judge.

TUESDAY, MAY 24, 1898.

ACTION upon a promissory note and to foreclose a mortgage securing it on a lot in Keosauqua. There was a default of all defendants save Irish and the Keosauqua Lumber Company, who set up a mechanic's lien as against plaintiff. Upon a hearing there was a decree, from which plaintiff and the two defendants mentioned appeal. Plaintiff's appeal being first perfected, it will be regarded and styled the appellant.—*Modified.*

*P. A. Sawyer* for appellant.

*S. E. Irish* and *Sloan & Mitchell* for appellee.

WATERMAN, J.—The defendant William M. McIntosh, being the owner of the real estate in question,

together with his wife, made a mortgage thereon to plaintiff, a corporation organized and existing under the laws of the state of South Dakota, on May 1, 1894. Thereafter the defendant the Keosauqua Lumber Company furnished material and labor to said McIntosh for the erection of a new and independent structure on the mortgaged premises. A mechanic's lien was duly filed against said real estate by the lumber company. This lien was afterwards foreclosed by decree rendered in the district court of Van Buren county, November 26, 1895. Plaintiff was made a party to the proceedings to foreclose, and was served with notice thereof by publication. Under this decree of foreclosure the lot in question was sold on special execution, March 28, 1896, to the defendant S. E. Irish, for two hundred and seventy-three dollars and eighty-eight cents. On August 24, 1896, plaintiff began this action to foreclose its mortgage, making, among others, Irish and the lumber company parties defendant. Among other allegations plaintiff sets out the proceedings in the foreclosure of the mechanic's lien and the sale thereunder to Irish, and it avers that it had no notice or knowledge of such proceedings; that said mechanic's lien is subject to its mortgage; and asks that the sale to Irish be set aside and the lien of its mortgage be decreed prior and superior to any interest of said Irish or the Keosauqua Lumber Company. Irish and the lumber company answered this petition. They assert that plaintiff was duly notified by publication of the original notice of the pendency of the action for the foreclosure of the mechanic's lien, and they deny its right to priority. On October 2, 1896, plaintiff obtained a decree against all the defendants save Irish and the lumber company, and as to them, the cause was continued. On November 23, 1896, an agreed statement of facts was filed, reciting: "For the purpose of final disposition of the above entitled case, it is agreed between

the plaintiff and the Keosauqua Lumber Company and S. E. Irish, contesting defendants, as follows." Then follow the facts as already given: (1) As to plaintiff's mortgage. (2) As to defendant's mechanic's lien. (3) A statement that the material and labor were furnished after the date of the mortgage and for the building of a new house. (4) A recital as to the sale under foreclosure of mechanic's lien. (5) A statement that plaintiff was a non-resident of the state of Iowa, and was served with notice of the action to foreclose the mechanic's lien by publication. (6) A statement that when plaintiff took its mortgage the land was vacant and unimproved; that the lumber company furnished material and labor for a new house which was erected thereon, and which "can be removed therefrom without injury to the land." (7) It is agreed that at the September term of court plaintiff obtained judgment against the other defendants, "and the only question to be decided as between the parties hereto is the granting or refusing plaintiff's prayer that the lien on said premises may be decreed to be paramount and superior to the lien of the Keosauqua Lumber Company and said S. E. Irish, and, if plaintiff's said mortgage shall be declared prior and superior to the lien of the Keosauqua Lumber Company and S. E. Irish on the lands, it is to be determined by the court whether it is also a superior lien on the said house to the lien of the Keosauqua Lumber Company and S. E. Irish. And the cause is submitted to the court for final determination and decree on the pleadings and this agreed statement of facts." On December 9, 1896, Irish filed an amendment to his answer, averring that he was a purchaser at said sheriff's sale in good faith and for value. Thereafter the court rendered its decree setting aside as against plaintiff the sale to Irish, and enjoining the issuance of a sheriff's deed to him. It gave plaintiff a first lien on

the real estate, and the lumber company a first lien on the building, which it was authorized to remove within thirty days, and ordered execution to issue to the respective parties to enforce the rights so given. Each party excepted.

II. The plaintiff appeals from so much of the decree as gives the lumber company a first lien on the building and a right to remove it. Inasmuch as plaintiff's contention in this regard is involved in the next issue which we shall consider, we will devote no further attention to it in this place.

III. Defendants Irish and the lumber company make the point on their appeal that plaintiff's only right, as against the judgment in favor of the lumber company, was a right of re-trial on motion, under section 2877 of the Code of 1873; and they insist that their rights under such judgment cannot be attacked in an independent action, as is attempted in this case. We think this position sound. Indeed, it does not appear that plaintiff seriously questions it. An attempt, however, is made to avoid this issue by the claim on the plaintiff's part that defendants did not plead the judgment in estoppel, and that, if they did, such plea was impliedly waived by the agreed statement of facts on which the case was submitted. Neither of these claims seems to us well founded. The judgment was set up in defendants' answer, and also in the agreed statement of facts. The only support, if we may call it such, for the claim of waiver on plaintiff's part, that we can discern in the record, is to be found in the seventh paragraph of the statement of facts, which we have heretofore quoted. It is thought by plaintiff that by its terms this paragraph limits the trial court to a finding as to the rights of the parties under their original liens. We do not so construe the language used, nor do we think such interpretation can reasonably be

given it; certainly not when its context is considered. In preceding paragraphs the facts as to the judgment in favor of the lumber company, and the execution sale under it, had been fully set out, and in the paragraph in question the two liens, as they had been previously described, are submitted to the court, in order to secure a decision as to their relative standing. It is not reasonable to suppose that defendants' judgment would have been recited, if nothing was to be claimed for it. We do not think we can make this point any clearer than is done in our statement of the case, where the facts are fully set out. Our conclusion is that the judgment of the lumber company must be held good, and that plaintiff cannot question the superiority of defendants' rights in a proceeding of this character. On plaintiff's appeal the decree will be affirmed; on defendant's appeal, so far as it adjudged plaintiff's lien to be superior to the interest of defendant Irish in said real estate and enjoins the execution of a deed to him, it will be REVERSED.